## COMMONWEALTH *vs.* JOHN B. CAREY.

A bill of exceptions to a ruling on the manner in which the attorney for the Commonwealth should challenge jurors at a criminal trial cannot be sustained, if it fails to show that he challenged any juror.

COMPLAINT to the municipal court of the city of Boston, for keeping intoxicating liquors with intent to sell them unlawfully. Trial and verdict of guilty in the superior court on appeal, before *Pitman,* J., who allowed the following bill of exceptions:

· " Before the jury were empanelled for the trial of the action in this court, the defendant's counsel requested the judge to require the attorney for the Commonwealth to exercise his right of peremptory challenge under the St. of 1869, *c.* 151, and that the defendant should be entitled to make his election and exercise his right under the St. of 1862, *c.* 84, after the Commonwealth's attorney had made his election or exercised his right.

" The judge declined to make such an order; but directed each party to exercise his right respectively as each juror's name should be called, until the ·jury should be full, or the rights of challenge exhausted by each party; to which order and direction the defendant excepts."

*A. Russ*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. It does not appear by the bill of exceptions, that the Commonwealth's attorney exercised any right of challenge. Until he was permitted to exercise it improperly, and did in fact exercise it, the question what the rule should be was not material, but was a mere moot question. A bill of exceptions must show that the question saved was material. *Burke* v. *Savage*, 13 Allen, 408. *Exceptions overruled.*